FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORDIA
TAMPA DIVISION

10 JAN 14 PM 1: 25

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

MEDI - WEIGHTLOSS FRANCHISING
USA, LLC, PHYSICIAN'S HEALTH
MANAGEMENT, LLC,
MEDI IP LICENSING, LLC,
and MEDI-WEIGHTLOSS CLINICS, LLC,

Case No.: 8:09-cv-02421-SCB-MAP

     Plaintiffs,

vs.

DR. KAMEL SADEK, ALLURE MEDI
SPA AND WELLNESS INSTITUTE,
LLC, BIONIC INC., ARIZONA
WELLNESS CENTER, LLC, BRANDY
FAIR, and ANDRA FAIR,

     Defendants.
_____/

## DEFENDANTS, BRANDY FAIR, ANDRA FAIR, BIONIC INC., AND ARIZONA WELLNESS CENTER, LLC., ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR JURY TRAIL TO VERIFIED COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW, the Defendants, BRANDY FAIR, ANDRA FAIR, BIONIC INC, and

ARIZONA WELLNESS CENTER, LLC, files this, their Answer, Affirmative Defenses, and

Request for Jury Trail to Plaintiffs' Verified Complaint and Demand for Injunctive Relief and

Damages, and states as follows:

## PARTIES, JURISDISTION, AND VENUE

1.    Without knowledge, therefore denied.

2.    Without knowledge, therefore denied.

3.    Without knowledge, therefore denied.

4.    Without knowledge, therefore denied.

5.    Without knowledge, therefore denied.

6.    Admitted.

7.    Admitted.

8.    Without knowledge, therefore denied.

9.    Admitted.

10.   Admitted.

11.   Admitted action for Bionic, denied as to remaining allegations.

12.   Admitted for jurisdictional purposes only, otherwise denied.

13.   Admitted for jurisdictional purposes only, otherwise denied.

## CONDITIONS PRECEDENT/PERFORMANCE/CONSIDERATION

14.   Denied.

15.   Denied.

## ATTORNEYS' FEES

16.   Without knowledge, therefore denied as to Subsection 1 and prior, denied as to Subsection 2.

## NATURE OF ACTION

17.   Admitted action for damages and injunctive relief, denied as to remaining allegation.

## THE MEDI-WEIGHTLOSS FRANCHISE SYSTEM

18.   Without knowledge, therefore denied.

19.   Without knowledge, therefore denied.

20.   Without knowledge, therefore denied.

21.     Without knowledge, therefore denied.

22.     Without knowledge, therefore denied.

23.     Without knowledge, therefore denied.

24.     Without knowledge, therefore denied.

25.     Without knowledge, therefore denied.

26.     Without knowledge, therefore denied.

27.     (a) - (u). Without knowledge, therefore denied.

28.     Without knowledge, therefore denied.

29.     Without knowledge, therefore denied.

30.     Without knowledge, therefore denied.

31.     Without knowledge, therefore denied.

32.     Without knowledge, therefore denied.

33.     Without knowledge, therefore denied.

## MRS. FAIR'S AND MR. FAIR'S NON-USE AND NONDISCLOSURE

## AGREEMENT

34.     Admitted action for Mrs. Fair, denied action for Mr. Fair.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Denied.

## MRS. FAIR'S AND BIONIC's FRANCHISE AGREEMENTS

40.     Admitted.

41.   Admitted.

42.   Admitted.

43.   Admitted.

44.   (a) - (o). Admitted.

45.   Admitted.

46.   Admitted.

47.   Admitted.

48.   Admitted.

49.   Denied.

50.   Admitted.

### MRS. FAIR'S, AND MR. FAIR'S, AND BIONIC'S ACCESS TO THE MEDI-PROGRAM, MEDI-SYSTEM, MEDI-MARKS AND MEDI-CONFIDENTIAL INFORMATION

51.   Admitted

52.   Denied.

53.   Admitted.

54.   Admitted.

55.   Denied.

56.   Admitted.

57.   Admitted.

58.   Admitted.

59.   Admitted.

60.   Admitted.

## SADEK: THE MEDICAL DIRECTOR

61.    Admitted.

62.    Admitted that on October 16th, 2008, Franchisees entered into a Medical Director Agreement with Sadek to serve as the Medical Director for Avondale Medi Clinic and that the Agreement is attached as Exhibit F to the complaint. Denied, without knowledge, as to remaining allegation.

63.    Denied.

64.    Without knowledge, therefore denied.

65.    Without knowledge, therefore denied.

66.    Without knowledge, therefore denied.

67.    Without knowledge, therefore denied.

68.    Without knowledge, therefore denied.

69.    Without knowledge, therefore denied.

70.    Without knowledge, therefore denied.

71.    Without knowledge, therefore denied.

72.    Without knowledge, therefore denied.

## SADEK'S ACCESS TO THE MEDI-PROGRAM, MEDI-SYSTEM, AND MEDI-CONFIDENTIAL INFORMATION

73.    Without knowledge, therefore denied.

74.    Without knowledge, therefore denied.

75.    Admitted as to a copy of the TOU Agreement is attached as Exhibit "G", without knowledge, therefore denied as to remaining allegation.

76.    Without knowledge, therefore denied.

## MUTUAL TERMINATION OF THE FRANCHISE AGREEMENTS

77.   Admitted.

78.   Admitted.

79.   Denied.

80.   Admitted.

81.   Admitted.

82.   Admitted.

83.   Admitted.

84.   Admitted as to statement being in settlement agreement, denied for vague and unclear

definition of "competitive business" in the settlement agreement.

85.   Admitted.

86.   Admitted.

87.   Admitted.

88.   Denied.

89.   Admitted.

## THECOMPETING BUSINESSES

90.   Without knowledge, therefore denied.

91.   Admitted as to Mr. Fair executing the articles of organization for Arizona Wellness

Center, denied as to remaining allegations.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.   Denied.

101.   Denied.

102.   Without knowledge, therefore denied.

103.   Without knowledge, therefore denied.

## MEDI'S EFFORTS TO PROTECT ITS RIGHTS

104.   Admitted as to copy of the cease and desist letter is attached as Exhibit "I", otherwise

without knowledge, therefore denied.

## DEFENDANTS WRONGFULLY IGNORED MEDI'S DEMANDS AND

## EXPANDED THEIR WRONGFUL ACTS

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

## COUNT I – BREECH OF NDA

### (Mr. Fair and Mrs. Fair)

110.   Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

111.   Admitted for jurisdictional purposes only, otherwise denied.

112.   Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

## COUNT II – BREECH OF FRANCHISE AGREEMENTS

### (Franchisees)

120. Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

121. Admitted for jurisdictional purposes only, otherwise denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

## COUNT III – BREECH OF MEDICAL DIRECTOR AGREEMENT

### (Sadek)

131. Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

132.   Admitted for jurisdictional purposes only, otherwise denied.

133.   Denied.

134.   Denied.

135.   Without knowledge, therefore denied.

136.   Without knowledge, therefore denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Without knowledge, therefore denied.

141.   Denied.

## COUNT IV – BREECH OF SETTLEMENT AGREEMENT

### (Franchisees)

142.   Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

143.   Admitted for jurisdictional purposes only, otherwise denied.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

## COUNT V – BREECH OF TOU AGREEMENT

### (Mrs. Fair, Mr. Fair and Sadek)

153.  Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

154.  Admitted for jurisdictional purposes only, otherwise denied.

155.  Denied.

156.  Denied.

157.  Denied.

158.  Denied.

159.  Denied.

160.  Denied.

161.  Denied.

## COUNT VI – MISAPPROPIATION OF TRADE SECRETS

### (Defendants)

162.  Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

163.  Denied.

164.  Admitted.

165.  Denied.

166.  Without Knowledge, therefore denied.

167.  Admitted.

168.  Denied.

169.  Denied.

170.  Denied.

171.  Denied.

## COUNT VII – COMMON LAW UNFAIR COMPETITION

### (Defendants)

172.   Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

173.   Without knowledge, therefore denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

## COUNT VIII – TRADEMARK INFRINGEMENT VIOLATION OF LEHAM ACT

### (Defendants)

183.   Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

## COUNT VIII – TRADEMARK DILUTION VIOLATION OF LEHAM ACT

### (Defendants)

192.   Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

193.   Without knowledge, therefore denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

## COUNT X – FALSE DESIGNATION OF ORGIN VIOLATION OF LEHAM ACT

### (Defendants)

198.   Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

199.   Admitted for jurisdictional purposes only, otherwise denied.

200.   Without knowledge, therefore denied.

201.   Denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

## COUNT XI – TORTIOUS INTERFERENCE

### (Mrs. Fair, Mr. Fair, Bionic, Allure, Wellness Center)

206.   Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

## COUNT XII – TORTIOUS INTERFERENCE

### (Sadek, Allure, Wellness Center)

211.   Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

212.   Without knowledge, therefore denied.

213.   Denied.

214.   Denied.

215.   Denied.

## COUNT XIII – PAST DUE FEES AND CHARGES

### (Franchisees)

216.   Defendants restate their Answers to Paragraphs 1 through 111 as if set forth fully herein.

217.   Admitted.

218.   Admitted.

219.   Denied.

## PRAYER FOR RELIEF

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied.

226. Denied.

227. Denied.

228. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim Upon Which Relief May Be Granted

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### Duress

The claims made in the Complaint are barred, in whole or in part, by the doctrine of duress. Plaintiffs and Mrs. Fair amicably agreed upon and executed a separation agreement on July 6th, 2009; then 10 days before actual day of separation Plaintiffs forced Defendant, Mrs. Fair, under duress to sign a second separation agreement enforcing competitive restrictions. Plaintiffs knew that Defendant, Mrs. Fair was hospitalized and heavily medicated, upon Plaintiffs changing the terms of the separation agreement and forcing her to sign under duress in order to allow the separation.

### THIRD AFFIRMATIVE DEFENSE

### Unclean Hands

The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean hands. Plaintiffs acted in an unfair and deceptive manner in their business practices.

### FOURTH AFFIRMATIVE DEFENSE

### Unconscionability

14

The claims made in the Complaint are barred, in whole or in part, by the doctrine of

unconscionability. The separation agreement defines "competitive business" as:

> "any clinic or other business or facility that combines three out of the four
> following characteristics: (1) physician monitored weight loss (2) a low calorie
> diet (under 800 calories, (3) our standard medications (Phentermine and
> Phendimetrazine), (4) weekly follow-up visits with medical staff, (5) the sale of
> vitamins and food supplements (such as, but not limited to, our or any items
> similar to our Vitamins, Shakes etc.), (6) our weekly injections (B-6 and MIC)"

The terms of the contracts, if any and in-particular the non-compete clause and definition

of "competitive business", are unclear and unduly burdensome, contrary to public policy,

and are in unfair restraint of trade.

## FIFTH AFFIRMATIVE DEFENSE

### No Standing

The claims made in the Complaint are barred, in whole or in part, as the Plaintiffs have

no standing through any contract to any claims against Defendant, Sadek as there is no

contract or contractual relationship between Plaintiffs and Defendant, Sadek. There is no

contract or contractual relationship between Defendant, Sadek and Brandy Fair. There is

no contract or contractual relationship between Defendant, Sadek and Andra Fair. There

is no contract or contractual relationship between Defendant, Sadek and Bionic Inc.

There is no contract or contractual relationship between Defendant, Sadek and Arizona

Wellness Clinic. Defendants are not operating or affiliated with a competitive weight loss

business(es) as defined.

## SIXTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

The claims made in the Complaint are barred, in whole or in part, as the Plaintiffs failed

to mitigate their damages, if any exist.

## SEVENTH AFFIRMATIVE DEFENSE

### Fair Use

The claims made in the Complaint are barred, in whole or in part, by the doctrine of fair use, nominative fair use and/or descriptive use.

## EIGHTH AFFIRMATIVE DEFENSE

### Non-Infringement

Defendants have not infringed upon any applicable trademarks under federal or state law.

## NINTH AFFIRMATIVE DEFENSE

### Innocent Infringement

The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## TENTH AFFIRMATIVE DEFENSE

### Third-Party Use

The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

### Actions of Others

The claims made in the Complaint are barred, in whole or in part, because Defendants are not liable for the acts of others over whom it has no control.

## TWELFTH AFFIRMATIVE DEFENSE

### No Injunctive Relief

The request for injunctive relief in the complaint should be denied because such request is inequitable, given consideration of the facts and circumstances in this matter.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses based on information learned or

obtained during discovery.

## DEMAND FOR JURY TRIAL

Defendants, BRANDY FAIR, ANDRA FAIR, BIONIC INC., AND ARIZONA
WELLNESS CENTER, LLC, hereby demand trial by jury for all issues so triable.

Dated this 11th day of January, 2010.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14th, 2010 I filed the document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List.

Andra & Brandy Fair
Andra & Brandy Fair,
Pro Se