UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MEDI-WEIGHTLOSS FRANCHISING USA, LLC, a Florida limited liability company; PHYSICIAN'S HEALTH MANAGEMENT, LLC, a Florida limited liability company; MEDI IP LICENSING, LLC, a Florida limited Liability company; MEDI-WEIGHTLOSS CLINICS, LLC, a Florida limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> DR. KAMEL SADEK, individually; ALLURE MEDI SPA AND WELLNESS INSTITUTE, LLC, an Arizona limited liability company; BIONIC INC, an Arizona corporation; ARIZONA WELLNESS CENTER, LLC, an Arizona limited liability company; BRANDY FAIR, individually; ANDRA FAIR, individually, <br><br> Defendants. | Case No. 8:09-cv-02421-T24-MAP |

### ORDER GRANTING PERMANENT INJUNCTION AGAINST BIONIC, INC. AND ARIZONA WELLNESS CENTER, LLC

**THIS MATTER** came before the Court on Plaintiffs' Motion for Entry of Permanent Injunction After Default. The Court, having reviewed the Motion and otherwise being advised on the premises, finds and orders as follows.

The Court finds that:

1. On November 25, 2009, Medi-Weightloss Franchising USA, LLC; Physician's Health Management, LLC; Medi IP Licensing, LLC; and Medi-Weightloss Clinics, LLC (collectively, "**Plaintiffs**") filed a Verified Complaint and Demand For Injunctive Relief and

Damages (Doc. 1) against six defendants, including Bionic, Inc. and Arizona Wellness Center, LLC. (collectively, Bionic, Inc. and Arizona Wellness Center, LLC are referred to as the "**Fair Entities**").

2. In the Verified Complaint And Demand For Injunctive Relief And Damages, Plaintiffs brought claims against Bionic, Inc. for: (i) Breach of Franchise Agreements (Count I); (ii) Breach of Settlement Agreement (Count IV); (iii) Misappropriation of Trade Secrets (Count VI); (iv) Common Law Unfair Competition (Count VII); (v) Trademark Infringement and Violation of Lanham Act (Count VIII); (vi) Trademark Dilution Violation of Lanham Act (IX); (vii) False Designation of Origin Violation of Lanham Act (Count X); and (viii) Tortious Interference (Count XI). In the Verified Complaint And Demand For Injunctive Relief And Damages, Plaintiffs brought claims against Arizona Wellness Center, LLC for: (i) Misappropriation of Trade Secrets (Count VI); (ii) Common Law Unfair Competition (Count VII); (iii) Trademark Infringement Violation of Lanham Act (Count VIII); (iv) Trademark Dilution Violation of Lanham Act (IX); (v) False Designation of Origin Violation of Lanham Act (Count X); and (vi) Tortious Interference (Counts XI, XII).

3. On March 3, 2010, the Clerk entered default against the Fair Entities (Docs. 50, 51) for failing to appear or defend.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Entry of Permanent Injunction After Default is **GRANTED**.

2. The Fair Entities, and their agents, servants, employees, attorneys, and any other persons or entities who are in active concert or participation with them[1] shall not operate the Arizona

---

[1] In their proposed order, Plaintiffs specifically named AWCloss Corporation and A&E Wellness Corporation as two such entities. Because neither of these corporations have been included as parties to this lawsuit, they are not expressly named in this order. However if, as

Wellness Center or any other Competitive Business[2] within twenty-five (25) miles from the Avondale Medi Clinic located at 10320 W. McDowell Road, Bldg. I, #9031, Avondale, Arizona 85392, the Bell Medi Clinic located at 4139 W. Bell Road, Suite 8, Phoenix, Arizona 85053, or any other Medi-Weightloss® Clinics Business. A Competitive Business includes any facility owning, operating or managing, or granting franchises or licenses to others to do so, any clinic or other business or facility that offers physician-monitored or non-physician-supervised weight loss, weight management, nutritional or health products or services, and Practice Management Services or any other products or services that are the same or similar to the products and services offered by Medi-Weightloss® Clinics Businesses.

   3. The Fair Entities, and their agents, servants, employees, and attorneys, and any other persons or entities who are in active concert or participation with them shall not disclose or publish to any party, or copy or use for such party's own benefit or for the benefit of any other party, any of the Medi-Confidential Information. Medi-Confidential Information includes, without limitation:

   (a) knowledge of operating results and financial performance for Medi-Weightloss Clinics® Businesses other than those operated by you, the Medi-Weightloss Clinics® System, and the know-how related to its use;

   (b) plans, specifications, size and physical characteristics of Medi-Weightloss Clinics® Businesses;

   (c) methods in obtaining licensing and meeting regulatory requirements;

---

Plaintiffs contend, they are in fact in active concert or participation with the Fair Entities, they are implicitly bound by this permanent injunction.

 [2]Plaintiff's proposed order named AWC, AWCloss, and A&E Wellness Corporation as three existing Competitive Businesses. Following the reasoning in n. 1 above, they are not expressly named in this order. If Plaintiffs' contentions are true, however, they are nonetheless enjoined from further competitive operations, as outlined above.

(d) sources and design of equipment, furniture, forms, materials and supplies;

(e) marketing, advertising and promotional programs for Medi-Weightloss Clinics® Businesses;

(f) staffing and delivery methods and techniques for personal services;

(g) the selection, testing and training of Managers/Medical Directors and other employees for Medi-Weightloss Clinics® Businesses;

(h) the recruitment, qualification and investigation methods to secure employment for employment candidates;

(i) Medi-Weightloss Clinics® Advantage software including all programs, tools, and materials contained therein, such as the proprietary Medi-Weightloss Clinics® Electronic Medical Records software, and knowledge of the information tracked by such software;

(j) all other computer Software made available or recommended for Medi-Weightloss Clinics® Businesses;

(k) methods, techniques, formats, specifications, procedures, information and systems related to and knowledge of and experience in the development, operation and franchising of Medi-Weightloss Clinics® Businesses, including but not limited to patient flow estimates, growth patterns, expenses, and pricing modules;

(l) knowledge of specifications for and suppliers of certain products, materials, supplies, furniture, furnishings and equipment;

(m) recipes, formulas, preparation methods and serving techniques for Products and Services;

(n) knowledge of operating results and financial performance of Medi-Weightloss Clinics® Businesses;

(o) information provided through Medi-Weightloss Clinics® Business training, including but not limited to, class presentations and handouts, video and audio presentations, WebNRs, Medi-Alerts, Medi-News, and in the field training;

(p) information obtained through Medi-Weightloss Clinics®

|     | compliance audits; |
| --- | --- |
| (q) | information contained in the Medi-Weightloss Clinics® Business Manuals (Start Up, Operations, and Physician's Manual); |
| (r) | knowledge of Medi-Weightloss Clinics® proprietary MIC injection and B6/B12 injection; |
| (s) | knowledge of the System and the know-how related to its use; |
| (t) | plans, specifications, size and physical characteristics of Medi-Weightloss Clinics® Businesses; |
| (u) | all other computer Software we make available or recommend for Medi-Weightloss Clinics® Businesses; |
| (v) | Medi-Weightloss Clinics® Patient Package including all forms and sample forms provided by corporate. |

4. The Fair Entities, and their agents, servants, employees, and attorneys, and any other persons or entities who are in active concert or participation with them shall not use any trademarks, service marks, trade dress or other designations or indicia which are likely to cause confusion, mistake, or deception or suggest any affiliation between the Fair Entities and Plaintiffs.

5. The Fair Entities, and their agents, servants, employees, and attorneys, and any other persons or entities who are in active concert or participation with them shall not use the Medi-Marks, and any signs, slogans, symbols, logos, advertising materials, forms, products and other items bearing the Medi-Marks. The Medi-Marks include, without limitation those set forth in Exhibit A to this Order.

6. The Fair Entities, and their agents, servants, employees, and attorneys, and any other persons or entities who are in active concert or participation with them shall not use Plaintiffs' trade secrets and confidential business information, including, but not limited to, the Medi-System and the know-how related to its use.

The Medi-System includes the proprietary, physician-supervised weight loss, wellness, nutritional and weight management program, which operates using Plaintiffs' intellectual property and proprietary and confidential information.

7. The Fair Entities, and their agents, servants, employees, and attorneys, and any other persons or entities who are in active concert or participation with them shall not operate or do business under any name or in any manner that gives the general public the impression that Defendants are in any way connected with Plaintiffs or that the Defendants have the right to use the Medi-Confidential Information, Medi-Marks, Medi-System.

8. The Fair Entities, and their agents, servants, employees, and attorneys, and any other persons or entities who are in active concert or participation with them must cease use of and remove the webpage: http://www.awcloss.com, and shall not use, create, design, or manage any other webpage that contains Medi-Confidential Information or the Medi-Marks, or advertises or offers a system or services substantially similar to the Medi-System.

**DONE AND ORDERED** in Tampa, Florida on March 18 , 2010.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge