UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDI-WEIGHTLOSS FRANCHISING
USA, LLC, PHYSICIAN'S HEALTH
MANAGEMENT, LLC,
MEDI IP LICENSING, LLC,
and MEDI-WEIGHTLOSS CLINICS, LLC,

    Plaintiffs,

v.    Case No. 8:09-cv-2421-T-24-MAP

DR. KAMEL SADEK, ALLURE MEDI
SPA AND WELLNESS INSTITUTE, LLC,
BIONIC, INC., ARIZONA WELLNESS
CENTER, LLC, BRANDY FAIR, and
ANDRA FAIR,

    Defendants.
_____/

**O R D E R**

    This cause comes before the Court on Plaintiffs' Motion for Preliminary Injunction (Doc. 3). Defendants Brandy and Andra Fair (the "Fairs" or the "Fair Defendants")[1] oppose the Motion. (Doc. 39.) United States Magistrate Judge Pizzo considered the Motion pursuant to a specific order of referral. The Magistrate Judge filed his report recommending that the Motion be granted and that a preliminary injunction be issued against the Fairs (Doc. 58). All parties

---

[1] Originally, there were six co-defendants in this case, and though the Fair Defendants claim to file their Objections to the Report and Recommendation on behalf of themselves, Bionic, Inc., and Arizona Wellness Center, LLC, the Fairs are the only defendants that remain in this action. The Court entered default judgments against Bionic, Inc., and Arizona Wellness Center, LLC (Doc. 62) and approved consent judgments for the other two original co-defendants (Doc. 61).

1

were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). The Fair Defendants filed Objections to the Magistrate's Report on March 25, 2010 (Doc. 68), and Plaintiffs filed a response thereto (Doc. 69).

Upon consideration of the Report and Recommendation, the Fairs' Objections to the Report and Recommendation, and Plaintiffs' response to the Fairs' Objections, as well as this Court's independent examination of the file, it is determined that the Report and Recommendation (Doc. 58) should be adopted.

## I. BACKGROUND

As franchisors of weightloss clinic businesses, Plaintiffs entered into agreements with the Fairs allowing them to open and operate weightloss clinics using Plaintiffs' trademarks, products, practices, methods, information, and software. (Doc. 1, Exs. A-D.) Plaintiffs ultimately terminated the franchise agreement and required Brandy Fair to execute a settlement agreement in which she agreed to post-termination confidentiality, non-solicitation, and non-competition requirements. (Doc. 1, Ex. H.) The Fairs then opened and began operating new weightloss clinics using Plaintiffs' products and methods, including one clinic located in the same location as one of Plaintiffs' former clinics. (See Docs. 43, 44.) Some of Plaintiffs' former patients went to the Fairs' clinics for the same treatments they previously obtained from Plaintiffs' clinics. (Doc. 44.)

Plaintiffs filed suit on November 25, 2009 in which they allege that Andra Fair breached confidentiality restrictions in a non-use and non-disclosure agreement (Count I); Brandy Fair breached franchise agreements by operating a competing clinic (Count II); Brandy Fair breached

2

confidentiality covenants, competitive restrictions, promotional materials restrictions and post-termination intellectual property restrictions of the settlement agreement (Count IV); the Fairs breached a terms of use agreement and its restrictions relating to proprietary information and intellectual property (Count V); the Fairs misappropriated trade secrets (Count VI); the Fairs engaged in common law unfair competition (Count VII); the Fairs infringed and diluted Plaintiffs' trademarks in violation of the Lanham Act (Counts VIII and IX); the Fairs engaged in false designation of origin in violation of the Lanham Act (Count X); the Fairs tortiously interfered with the contractual relationship between Plaintiffs and one of the Fairs' co-defendants (Count XI); and Brandy Fair owes Plaintiffs past due fees and charges as a result of the breach of the settlement agreement (Count XIII). (Doc. 1.)

The Fairs filed their Answer on January 14, 2010 (Doc. 25) and filed a response and supporting affidavits[2] opposing Plaintiffs' Motion for preliminary injunction on February 19, 2010 (Docs. 39-41). The Magistrate Judge held a hearing on the motion for preliminary injunction on March 5, 2010. Although provided ample notice, the Fairs did not appear at the hearing, nor did they file a motion to excuse their failure to appear. After considering the record before him, the Magistrate Judge issued a Report and Recommendation (Doc. 58) on March 11, 2010, in which he recommended that the Court grant the preliminary injunction.

Subsequently, the Fairs moved for an extension of time to obtain counsel. (Doc. 63.) This Court denied that motion finding that the Fairs squandered four months in which they could have obtained counsel and noting that their motion came only as the case was approaching final

---

[2]In their affidavits, the Fairs swore under penalty of perjury that they were "currently going through . . . bankruptcy proceedings." (Docs. 40, 41.) The Fairs' counsel has since telephonically confirmed to the Court that no such bankruptcy proceedings were or are pending.

resolution—the Court having entered judgement against all of their four co-defendants. (Doc. 64.) In their Objections to the Magistrate Judge's Report and Recommendation, the Fairs now claim they were "severely prejudiced" because, despite "numerous attempts," they were unable to find conflict-free local counsel. (Doc. 68, ¶ 5.) However, the Fairs did obtain local, conflict-free counsel only two days after filing their motion for extension of time. (Id. at ¶¶ 6, 7.)

**II.    DISCUSSION**

In their Response Opposing Plaintiffs' Motion for Preliminary Injunction (Doc. 39), the Fairs simply deny that they have been or are breaching any agreement entered into with Plaintiffs. They make only this general denial without offering any specifics except to say that Plaintiffs failed to provide evidence of their wrongdoing other than the statement of a franchisee who claims to have overheard something about the Fairs. The Fairs further argue that Plaintiffs failed to prove that the Fairs are violating any agreement or conspiring to compete with Plaintiffs. Because the Fairs did not see fit to attend the March 5, 2009 hearing to explain their arguments, to counter Plaintiffs' arguments, or to present new arguments, these assertions were the only arguments before the Magistrate Judge and therefore the only arguments considered in opposition to Plaintiffs' Motion.

Now, in their Objections, the Fairs have lodged entirely new arguments before this Court. However, when reviewing a motion previously referred to a magistrate judge for consideration, a district court may decline to consider any arguments not first raised to that magistrate judge. See Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009); see also Fireman's Ins. Co. v. Todesca Equip. Co., Inc., 310 F.3d 32, 38 (1st Cir. 2002); Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000); Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir. 1996); Paterson-Leitch Co.,

Inc. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, 'not only their "best shot" but all of their shots.'") (quoting Singh v. Superintending Sch. Comm., 593 F. Supp. 1315, 1318 (D.Me. 1984)).

The Fairs did not present the arguments included in their Objections to the Magistrate Judge; therefore, this Court is not required to consider these arguments now. See Williams, 557 F.3d at 1292. Given the Fair Defendants' failure to appear at the hearing at which the Magistrate Judge addressed this Motion, this Court finds that consideration of their new arguments set forth in their Objections would endorse an extraordinary waste of judicial resources.

Based on the record before him, the Magistrate Judge issued an entirely reasonable and well-reasoned Report and Recommendation that understandably credits Plaintiffs' version of the facts over the Fairs' version. This Court would have come to the same conclusion. Furthermore, the Magistrate Judge found that based on those facts, a preliminary injunction was warranted, and this Court agrees with that conclusion.

### III. CONCLUSION

Accordingly, it is now **ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Motion for Preliminary Injunction (Doc. 3) is GRANTED as set forth in the Magistrate Judge's Report and Recommendation (Doc. 58).

(2) The Magistrate Judge's Report and Recommendation (Doc. 58) is adopted and incorporated by reference in this Order of the Court.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of April, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
The Honorable Mark A. Pizzo
Counsel of Record